SOUTH OMAHA LOAN & BUILDING ASSOCIATION, APPELLEE, V. SHERIDAN WIRRICK ET AL., APPELLANTS.

FILED JANUARY 8, 1902. No. 10,955.

Commissioner's opinion, Department No. 3.

1. **Building and Loan Association: LOAN: DEDUCTION OF PREMIUM: COMPETITIVE BIDDING: BY-BIDDING.** A building and loan association may deduct from a loan made to one of its members the premium bid for the right of precedence in taking such loan. Loans by the association must, however, be open to competitive bidding, and by-bidding by the officers or agents of the association for the purpose of increasing the premium to be paid for loans, will not be tolerated.

2. ————: FORECLOSURE OF MORTGAGE. In an action to foreclose a mortgage given to a building and loan association organized under the laws of this state, the fact that the association changed its method of making loans and conducting its business after the making of the mortgage is no defense to the action, especially in the absence of a showing that the mortgagor objected thereto.

APPEAL from the district court for Douglas county. Heard below before DICKINSON, J. *Affirmed.*

*A. L. Sutton* and *E. R. Leigh,* for appellants.

*A. H. Murdock, contra.*

DUFFIE, C.

This is an action in the usual form to foreclose a mortgage on certain lots in the city of South Omaha made by the appellant to the South Omaha Loan & Building Association. By their amended answer the defendants set up the following defenses: That the mortgage was made to secure a loan procured from the association, and that the association required him to bid twenty-five per cent. on the amount of his loan in order to obtain the money. That the mortgage given was for $1,200, and that he received only $900. The $300 deducted from the amount of the loan represented what is known as a premium. He alleges that the method used was a device to evade the usury laws. As a further defense he alleges that the plaintiff often refused applicants its money, unless they would bid a certain, per cent., which per cent. was in all cases to be determined by the plaintiff; that the plaintiff, its officers and its agents, often acted as by-bidders when its money was offered for loan, thereby compelling its borrowing members, including the defendants, to pay as premium the amount determined by the plaintiff. He further alleges that soon after becoming a member of the association the plaintiff returned to a large number of its borrowing members their premiums, or a large part of the said premiums; and that no part of the $300 premium paid by him was ever returned. At the trial

a decree was entered foreclosing the mortgage as prayed in the plaintiff's petition.

It is admitted that the South Omaha Loan & Building Association is a corporation organized under the laws of this state, and it was held in *Livingston Loan & Building Ass'n v. Drummond,* 49 Nebr., 200, that the statute under which the appellee was organized is constitutional, and that such association may legally collect money by stated dues, fines, interest and by premiums bid by members for the right of precedence in taking loans. A careful examination of the record leads us to conclude that the method of transacting the business of the association as defined in its charter is entirely legal, and has the support of the decisions of this court. Such being the case, the mortgage in suit is a valid instrument, and enforceable against the defendant, unless the association departed from the powers vested in it by statute in making the loan to the defendant and taking this mortgage as security. By its charter the association had no legal authority to fix any particular premium or per cent. which its money should bring. In *State v. Oberlin Building & Loan Ass'n,* 35 Ohio St., 258, it was held that a by-law providing that the directors might determine the lowest amount of premium that would be received on loans was invalid, and this because it prevented the loan of funds to a member under the system of competitive bidding contemplated by the statute. A rule of the association, or any agreement or understanding entered into by its officers and carried into operation, that its money should not be loaned to members except upon the payment of a fixed premium, or a system of by-bidding for the purpose of increasing the premium required to be paid by a bidder, should receive no countenance in the law. But the evidence before us in this case, fails to establish that such a method was pursued in this instance. There is testimony tending to show that some loans were refused because a sufficient premium was not paid, and that in some instances a system of by-bidding was invoked. In the present case, however, one Cockrell was the agent of

Wirrick in procuring this loan. He, if any one, had knowledge of all the facts in the case. He was a witness for Wirrick on the trial, and, while he states that the system above spoken of was followed in some instances, he could not point out any one case in which it was pursued, and did not pretend to say that the loan which he made for Wirrick was not fair in all particulars, and strictly within the rules of the association. Regarding the complaint that the building association changed its method of doing business after the appellant had made his loan and become a member, there is no evidence in the record which tends to show that such change was not made with his consent and approval.

The decree of the district court is amply supported by the evidence, and we therefore recommend that it be affirmed.

AMES and ALBERT, CC., concur.

By the Court: For the reasons stated in the foregoing opinion, the decree of the district court is

AFFIRMED.